IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARRIEM THEODORE DOUGLASS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-664-RGA |
| DOCTOR QAZI, et al., | : |
| Defendants. | : |

Karriem Theodore Douglass, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Karriem Theodore Douglass, a former pretrial detainee at Howard R. Young Correctional Center in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 15). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff raises medical needs claims. (D.I. 3). Plaintiff was a pretrial detainee at HRYCI when he commenced this action. He has since been released. He was prescribed mental health medication ("minipress") by Defendant Dr. Qazi, and it was administered by Defendant Nurse Fisher on February 1, 2022. (*Id*. at 5, 8). Plaintiff reacted badly to the medication and was taken to "medical" where it was discovered that he had been overmedicated. (*Id.* at 6). Plaintiff was monitored in the infirmary and discharged on February 2, 2022 at 5:30 p.m. (*Id*.). Plaintiff had chest pains around 1:00 a.m. and was taken to the infirmary for an EKG and then transferred to the hospital where he was told he had suffered a heart attack. (*Id*.). Plaintiff was hospitalized and received treatment, discharged and returned to the prison infirmary where he was discharged on February 14, 2022. (*Id*. at 6-7). Plaintiff had a second heart attack the next day and was taken to the hospital due to complications from the treatment he received during the first visit to the hospital, treated, and returned to the

1

prison infirmary where he stayed until March 5, 2022.  (*Id*. at 7).  Plaintiff alleges that had mental health personnel looked at his chart, they would have known that the prescribed mental health medication combined with his blood pressure medication would cause the cardiac arrest.  (*Id*.).

Plaintiff sought alternative mental health medication to help with his mental health issues for some time and was recently told by Defendant Jennifer that he is no longer on the mental health roster and must submit a sick call slip to obtain mental health treatment.  (*Id*. at 8).  Plaintiff states that it is wrong that he must submit a sick call slip to receive mental health treatment.  (*Id*. at 8-9).  In addition, Plaintiff complains that he suffers from injuries to his right side, shoulder, ribs, arm, leg and back, and has received only pain medication and x-rays.  (*Id*. at 9).  Defendant Abraham told Plaintiff that he would heal over time.  (*Id*.).

Plaintiff seeks compensatory and punitive damages.  (*Id.* at 11).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords Plaintiff protection for his medical needs claim. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977). When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has "found no reason to apply a different standard than that set forth in" *Estelle v. Gamble*, 429 U.S. 97 (1976). *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, courts have a

4

responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment, prison officials must ensure inmates receive adequate medical care).

In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. at 837. A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. A "failure to provide adequate care . . . [that] was deliberate, and motivated by non medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In addition, "a prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional

5

violation.  *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As pled, the allegations fail to state cognizable medical needs claims.  Plaintiff claims that Dr. Qazi prescribed the wrong medication and that Nurse Fisher administered the medication.  At most, this alleges negligence.  Plaintiff alleges that Jennifer told Plaintiff he must submit a sick call slip to receive mental health treatment.  Plaintiff believes this is wrong and labels this as a denial of mental health care.  To the contrary, Plaintiff is not denied mental health care. He simply needs to ask for it by submitting a sick call slip.  Finally, Plaintiff alleges that Abraham told Plaintiff that he would heal over time.  This scant sentence falls far short of a constitutional violation.  Accordingly, while the Complaint may or may not state a claim for medical malpractice against Dr. Qazi and/or Nurse Fisher, it does not state any federal claims upon which relief can be granted, and the claims against Jennifer and Abraham as alleged are frivolous.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as partly frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).  The Court suspects amendment would be futile, but will nevertheless give Plaintiff one opportunity to amend his complaint.

An appropriate Order will be entered.