IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARRIEM THEODORE DOUGLASS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-664-RGA |
| DOCTOR QAZI, et al., | : |
| Defendants. | : |

Karriem Theodore Douglass, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 26, 2023
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Karriem Theodore Douglass, a former pretrial detainee at Howard R. Young Correctional Center in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5, 15).  The original complaint was dismissed and Plaintiff was given leave to amend. (D.I. 17).  The Court proceeds to screen the Amended Complaint (D.I. 18) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the original Complaint and assumed to be true for purposes of screening the Complaint.  See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff raises medical needs claims. (D.I. 3). Plaintiff was a pretrial detainee at HRYCI when he commenced this action.  He has since been released.  He was prescribed mental health medication ("minipress") by Defendant Dr. Qazi, and it was administered by Defendant Nurse Fisher on February 1, 2022.  (*Id*. at 5, 8).  Plaintiff reacted badly to the medication and was taken to "medical" where it was discovered that he had been overmedicated.  (*Id*. at 6).  Plaintiff was monitored in the infirmary and discharged on February 2, 2022 at 5:30 p.m.  (*Id*.).  Plaintiff had chest pains around 1:00 a.m. and was taken to the infirmary for an EKG and then transferred to the hospital where he was told he had suffered a heart attack.  (*Id*.).  Plaintiff was hospitalized and received treatment, discharged and returned to the prison infirmary where he was discharged on February 14, 2022.  (*Id*. at 6-7).  Plaintiff had a second heart attack the

1

next day and was taken to the hospital due to complications from the treatment he received during the first visit to the hospital, treated, and returned to the prison infirmary where he stayed until March 5, 2022.  (*Id*. at 7).  Plaintiff alleges that had mental health personnel looked at his chart, they would have known that the prescribed mental health medication combined with his blood pressure medication would cause the cardiac arrest.  (*Id*.).

Plaintiff sought alternative mental health medication to help with his mental health issues for some time and was recently told by Defendant Jennifer that he is no longer on the mental health roster and must submit a sick call slip to obtain mental health treatment.  (*Id*. at 8).  Plaintiff states that it is wrong that he must submit a sick call slip to receive mental health treatment.  (*Id*. at 8-9).  In addition, Plaintiff complains that he suffers from injuries to his right side, shoulder, ribs, arm, leg and back, and has received only pain medication and x-rays.  (*Id*. at 9).  Defendant Abraham told Plaintiff that he would heal over time.  (*Id*.).  Plaintiff seeks compensatory and punitive damages.  (*Id.* at 11).

By Memorandum Opinion and Order entered on November 7, 2022, the Court screened and dismissed the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).  (D.I. 16, 17).  The Court concluded that Plaintiff's allegations failed to state cognizable medical needs claims, but rather, at most, alleged medical malpractice, which is insufficient for a constitutional violation.  The Court concluded as well that Plaintiff's claims against Abraham and Lindsey were frivolous.  The Court afforded Plaintiff leave to file an amended complaint.

2

Plaintiff's Amended Complaint amounted to a little over one page of text, submitted as a letter to the Court, along with a resubmission of the original Complaint as an attachment. (D.I. 18, 18-1). The Amended Complaint essentially reasserted the same allegations as the original Complaint.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

For the reasons outlined in the Court's November 7, 2022 Memorandum Opinion and Order screening and dismissing the original Complaint, the Court will dismiss the Amended Complaint, which did not substantively alter the original Complaint, as partly frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.